## JULIA M. RAY

### *v.*

## WILLIE W. HENDERSON *et al.*

*Opinion filed June 23, 1904.*

MORTGAGES—*when purchaser at foreclosure cannot complain of misapplication of rents.* If the holder of the equity of redemption in a leasehold estate makes no objection to an order of court directing the application of rents belonging to him upon the deficiency decree against his assignor, the purchaser at the sale, who was also the mortgagee, cannot complain of misapplication of the money.

*Ray* v. *Henderson*, 110 Ill. App. 542, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

MYRON H. BEACH, for plaintiff in error.

FREDERIC ULLMANN, and N. W. HACKER, for defendants in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

On the 30th day of June, 1888, plaintiff in error, Julia M. Ray, was the owner of the fee of certain property in Cook county, and on that date executed to Willie W. Henderson, his heirs, administrators and assigns, a lease for ninety-nine years of said premises, which, among others, contained a covenant that said Henderson would pay ground rent at the rate therein specified, semi-annually, during the term of the lease. The rent for the year beginning July 1, 1895, was $2125; for the year beginning July 1, 1896, $2250; for the year beginning July 1, 1897, $2375; for the year beginning July 1, 1898, $2500; for the year beginning July 1, 1899, $2625; for the year beginning July 1, 1900, $2750; for the year beginning July 1, 1901,

$2875, and for the year beginning July 1, 1902, and each succeeding year thereafter, $3000. The rent was to be paid semi-annually, on the 30th day of June and December, each year. The lease further provided that Henderson would erect on the leased premises a building, and for that purpose he borrowed of plaintiff in error $25,000, and on the 24th day of July, 1888, made and delivered his two promissory notes for $12,500 each, and secured the same by trust deed upon his leasehold interest and the building to be erected on said premises. The trust deed contains the provision that upon default the grantor shall have power to enter upon the premises and collect the rent, etc., but contains no provision pledging the rents accruing and collected after sale as security for the payment of the notes described in the trust deed.

In 1893 the lease by the then holder was assigned to defendant in error Lobdell, and on the 27th day of March, 1896, he quit-claimed his interest in said premises to one John H. Moore. Default was made in the payment of said notes and interest and the payment of taxes, and in August, 1896, plaintiff in error filed her bill to foreclose the trust deed and to charge Lobdell with the payment of the ground rent, alleging that the conveyance from Lobdell to Moore was fraudulent and void. At the time of filing the bill Benjamin F. Ray was appointed receiver of the premises by the superior court of Cook county, in which the bill was pending, with power to collect rents, have charge and custody of the premises, and with the usual authority conferred upon receivers in like cases. In 1899, and pending the suit, Ray, the receiver, died, and David J. Kennedy was appointed receiver to succeed him. At the time the bill was filed, rent from the 30th day of June, 1895, and amounting to $3125, was in arrears and unpaid. The receiver, by order of the court, paid all the back ground rent from the rents and profits received by him as receiver, and also paid a part of the rents for the time the premises were held by him as receiver, the

total amount of rents paid by the receiver to plaintiff in error being $8136.42.

In October, 1901, a decree was entered upon the bill, finding that the conveyance from Lobdell to Moore was fraudulent and void as to the rights of plaintiff in error under the trust deed, and decreed a sale of the premises to pay the original debt and interest but denied her right to recover rents from Lobdell. From this decree she did not appeal. The sale was made November 1, 1901, and the property purchased at the sale by plaintiff in error for $100. Upon a report of the sale a deficiency decree was entered against defendant Lobdell for $26,521. The report of the receiver rendered February 24, 1902, showed $1841.74 balance of rents collected in his hands. Plaintiff in error petitioned the court to direct the receiver to pay the balance in his hands to her, to be applied upon ground rent. Lobdell answered this petition and denied the right of plaintiff in error to said money as ground rent, but asked that the same be paid to plaintiff in error and she be required to receive the same in reduction of the deficiency judgment rendered against said Lobdell. The superior court denied the petition of the plaintiff in error, and directed, as requested by Lobdell, that the balance of the rents in the hands of the receiver should be paid to the plaintiff in error on account of the deficiency decree, as aforesaid, and for no other purpose whatever. From this order plaintiff in error appealed to the Appellate Court for the First District, which latter court affirmed the order of the superior court, and to review the judgment of the Appellate Court this writ of error is prosecuted.

The money in the hands of the receiver affected by the order complained of was less than the amount of rents collected by the receiver between the time of the sale and the report. The rents accruing during that period belonged to the holder of the equity of redemption, and as against him plaintiff in error held no equitable

lien or claim by virtue of her mortgage. The legal title to the equity of redemption was in the defendant Moore, and he had in no manner assumed the payment of the mortgage debt and was not affected by the mortgage, otherwise than that his property rights would be sold for the satisfaction of the debt under the mortgage. Whatever obligation he owed plaintiff in error was as assignee of the lease, and her remedy against him for ground rent was by action at law under the lease. Moore did not object or except to the order of the court directing the application of this money toward the deficiency decree, did not appeal therefrom and is not complaining here, and plaintiff in error does not represent him and cannot complain for him that his money was misapplied.

The decree of the superior court and the judgment of the Appellate Court are affirmed.

*Judgment affirmed.*